IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KAREN FUENTES, | ) |
| | ) |
| Plaintiff, | ) No. 21-cv-1010-KEM |
| | ) |
| v. | ) DEFENDANT AGRI-STAR'S |
| | ) ANSWER AND DEFENSES |
| AGRI-STAR MEAT AND POULTRY, LLC, | ) |
| | ) |
| Defendant. | ) |

Defendant Agri-Star Meat and Poultry, LLC ("Agri-Star") states the following for its Answer and Defenses to Plaintiff's Petition and Jury Demand as follows:

## AGRI-STAR'S ANSWER

1. This is an action under and pursuant to the Iowa Civil Rights Act, Iowa Code Chapter 216, Title VII of the Civil Rights Act (beginning at 42 U.S.C. 2000(e)), and common law tort.

**ANSWER: Paragraph 1 contains a characterization of Plaintiff's claims to which no response is required. To the extent a response is deemed required, Agri-Star states the Iowa Civil Rights Act, Iowa Code Chapter 216, Title VII of the Civil Rights Act (beginning at 42 U.S.C. 2000(e)) speak for themselves and denies the remaining allegations of Paragraph 1.**

2. Under Iowa Code Chapter 216.6, and Title VII, Plaintiff is protected from discriminatory practices based on her race, national origin, and gender.

**ANSWER: Paragraph 2 contains a characterization of Plaintiff's claims to which no response is required. To the extent a response is deemed required, Agri-Star**

states that Iowa Code Chapter 216.6 and Title VII of the Civil Rights Act speak for themselves and denies the remaining allegations of Paragraph 2.

## VENUE

3. The unlawful practices and conduct descried below were committed in Allamakee County, Iowa.

**ANSWER:** Agri-Star states it is registered to conduct business in Iowa and is regularly conducting business in Allamakee County, Iowa. Agri-Star further states that Plaintiff was an employee of Agri-Star at its facility in Allamakee County, IA. Agri-Star denies the remaining allegations of Paragraph 3.

## PARTIES

4. At all times material to this complaint, Plaintiff Karen Fuentes was a citizen and resident of Allamakee County, Iowa, and was an employee of Agri Star.

**ANSWER:** Admitted upon information and belief.

5. At all times material to this complaint, Agri Star was a business registered to conduct business in Iowa and regularly conducting business in Allamakee County, Iowa.

**ANSWER:** Admitted.

## PROCEDURAL REQUIREMENTS

6. On or about June 15, 2020, within three hundred (300) days of the acts of which she complains, Plaintiff filed charges of discrimination and harassment with the Iowa Civil Rights Commission against the above-named Defendant. See attachment 1 (file-stamped cover page from ICRC).

**ANSWER:** Agri-Star states that Attachment 1 to Plaintiff's Petition speaks for itself, and denies the remaining allegations of Paragraph 6.

7. The EEOC closed its file on the case on Feb. 11, 2021, and mailed Fuentes a Notice of her Suit rights the same day, advising her that she had ninety days from receipt of the letter to file her lawsuit. This Petition is filed within 90 days of her receipt of the EEOC letter. See attachment 2.

**ANSWER:** Agri-Star states that the EEOC closed its case file on or about February 11, 2021. Agri-Star further states that Attachment 2 to Plaintiff's Petition speaks for itself, and denies the remaining allegations of Paragraph 7.

8. The acts leading to Plaintiff's additional tort claims occurred from Jan. to June of 2020, within the two years preceding this petition.

**ANSWER:** Paragraph 8 contains a characterization of Plaintiff's claims to which no response is required. To the extent a response is deemed required, Agri-Star denies the allegations of Paragraph 8.

## FACTUAL BACKGROUND

9. Plaintiff, Karen Fuentes, is a Guatemalan female, legally authorized to work in the United States by the U.S. Department of Homeland Security, and as such is protected from discriminatory practices by state and federal laws.

**ANSWER:** Admitted upon information and belief.

10. Plaintiff, Fuentes, began working for Defendant Agri Star in Jan. of 2020.

**ANSWER:** Admitted.

11. Fuentes' immediate supervisor was Amber Santoyo, who at all times was employed by Agri Star.

**ANSWER:** Admitted.

12. Santoyo made comments about workers, including Fuentes, speaking Spanish, such as "You do not speak English, go back to Guatemala." She would also call them "Stupid Hispanics."

**ANSWER:** Denied.

13. At one point, Fuentes told supervisor Amber Santoyo that Fuentes could not do the heavy labor that she was assigned, at which point, Santoyo responded that "You came to the United States to work, not cry." Fuentes took Santoyo's statement to indicate that she intended to give non-U.S. citizens harder assignments.

**ANSWER: Denied.**

14. Fuentes observed Santoyo allow male employees more privileges, receive fewer reprimands, while at the same time, Santoyo would yell at female employees, and even called Fuentes a "whore."

**ANSWER: Denied.**

15. Fuentes observed Santoyo assign her and other Hispanic employees heavy labor or assignments that they were not trained to perform. If the employee could not do the work, Santoyo would send them home, and give them "attendance" points, resulting in disparate treatment of those female and Hispanic employees who had intentionally been assigned duties the company knew they could not perform or were not trained to perform.

**ANSWER: Denied.**

16. For example, Fuentes was assigned certain jobs that required cutting poultry, and she had not been properly trained or certified to perform that job. In addition, the company did not maintain proper safety equipment, such as gloves, leading to Fuentes injuring her hand.

**ANSWER: Denied.**

17. Santoyo would falsely accuse Fuentes of inappropriate conduct, up to and including a physical assault.

**ANSWER: Denied.**

18. It was well-known within Agri Star that many employees were undocumented, working with fake papers under aliases in order to avoid detection through the company's E-verify program.

**ANSWER: Denied.**

19. Fuentes complained of the company promoting undocumented immigrants working with false papers instead of her.

**ANSWER: Agri-Star states that Fuentes made a complaint, but denies the merits of any allegations purported by Fuentes. Agri-Star denies the remaining allegations of Paragraph 19.**

20. Fuentes complained that the company was careless with Covid 19 protocols.

**ANSWER: Agri-Star states that Fuentes made a complaint, but denies the merits of any allegations purported by Fuentes. Agri-Star denies the remaining allegations of Paragraph 20.**

21. The company, its agents, and particularly, Amber Santoyo, treated Fuentes very harshly, even denying her bathroom breaks for significant amounts of time on or about May 18, and May 19, 2020.

**ANSWER: Denied.**

22. The company, its agents, and Santoyo also unfairly denied Fuentes leave to attend to her child, who needed eight stitches. Her bleeding child was brought to the plant before she was allowed to leave. Fuentes has observed the company treat male and non-Hispanic employees more leniently regarding family leave.

**ANSWER: Denied.**

## COUNT I: VIOLATION OF IOWA CODE CHAPTER 216.6 AND TITLE VII

23. From January to June of 2020, Fuentes was a Guatemalan female authorized to work in the United States.

**ANSWER: Admitted upon information and belief.**

24. Fuentes incorporates paragraphs 9-22 from above.

**ANSWER: Agri-Star incorporates its Answers to the foregoing paragraphs as though fully set forth herein.**

25. While employed at Agri Star, Defendant maintained a hostile work environment where racial and gender animus were directed at Fuentes based upon her national origin, race, and gender. The discrimination negatively affected Fuentes terms and conditions of employment.

**ANSWER: Denied.**

26. Defendant discriminated against Fuentes based upon her gender, race, and national origin, ultimately forcing her to resign when she could no longer take the mistreatment. Defendant constructively discharged Fuentes.

**ANSWER: Denied.**

27. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages including, but not limited to, mental and emotional harm and anguish, humiliation, embarrassment, and loss of enjoyment of life.

**ANSWER: Denied.**

28. Fuentes alleges that Agri Star's discrimination was intentional, and done with malice or reckless indifference to Fuentes' rights.

**ANSWER: Denied.**

WHEREFORE, Plaintiff prays for the following relief:

a) That Plaintiff be awarded compensatory damages;
b) That Plaintiff be made whole by providing her compensation for past and future mental and emotional harm and anguish, and other affirmative relief;
c) That Plaintiff be awarded punitive damages to deter Agri Star's intentional discrimination;
d) That Plaintiff be awarded reasonable attorneys' fees and costs incurred in prosecuting this action;
e) That Plaintiff be awarded such additional and further relief as is just and proper.

**ANSWER: Agri-Star denies that Plaintiff is entitled to the relief requested in this unnumbered paragraph.**

## COUNT II: WRONGFUL TERMINATION

29. Plaintiff incorporates paragraphs 9-22. Plaintiff was constructively discharged by Agri Star.

**ANSWER: Agri-Star incorporates its Answers to the foregoing paragraphs as though fully set forth herein, and denies the remaining allegations of Paragraph 29.**

30. Plaintiffs termination was the result of discrimination, as listed in Count I, and in part, due to Fuentes' complaints about safety conditions (Covid 19, gloves), working conditions (heavy labor, bathroom breaks), and the company's failure to follow U.S. immigration laws.

**ANSWER: Denied.**

31. Fuentes' constructive discharge was in violation of public policy.

**ANSWER: Denied.**

32. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages including, but not limited to, mental and emotional harm and anguish, humiliation, embarrassment, and loss of enjoyment of life.

**ANSWER: Denied.**

WHEREFORE, Plaintiff prays for the following relief:

a) That Plaintiff be awarded compensatory damages;
b) That Plaintiff be made whole by providing her compensation for past and future mental and emotional harm and anguish, and other affirmative relief;
c) That Plaintiff be awarded punitive damages to deter Agri Star's . intentional misconduct;
d) That Plaintiff be awarded reasonable attorneys' fees and costs incurred in prosecuting this action;
e) That Plaintiff be awarded such additional and further relief as is just and proper.

**ANSWER: Agri-Star denies that Plaintiff is entitled to the relief requested in this unnumbered paragraph.**

### COUNT III: NEGLIGENT RETENTION OF ABUSIVE SUPERVISOR, AMBER SANTOYO

33. Fuentes incorporates paragraphs 9-22 from above.

**ANSWER: Agri-Star incorporates its Answers to the foregoing paragraphs as though fully set forth herein.**

34. Agri Star owed Fuentes a duty to maintain a safe working environment.

**ANSWER: Denied.**

35. Agri Star knew of Amber Santoyo's abusive behavior towards Agri Star employees and ratified her behavior. Agri Star failed to reprimand or stop Santoyo's behavior.

**ANSWER: Denied.**

36. As a result of Defendants' actions, Plaintiff foreseeably suffered and will continue to suffer damages including, but not limited to, mental and emotional harm and anguish, humiliation, embarrassment, and loss of enjoyment of life.

**ANSWER: Denied.**

WHEREFORE, Plaintiff prays for the following relief:

a) That Plaintiff be awarded compensatory damages;
b) That Plaintiff be made whole by providing her compensation for past and future mental and emotional harm and anguish, and other affirmative relief;
c) That Plaintiff be awarded punitive damages;
d) That Plaintiff be awarded reasonable attorneys' fees and costs incurred in prosecuting this action;
e) That Plaintiff be awarded such additional and further relief as is just and proper.

**ANSWER: Agri-Star denies that Plaintiff is entitled to the relief requested in this unnumbered paragraph.**

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff incorporates paragraphs 9-22 from above.

**ANSWER: Agri-Star incorporates its Answers to the foregoing paragraphs as though fully set forth herein.**

38. Agri Star knew of and ratified the abusive conduct and discrimination by supervisory employees towards Agri Star's employees, including Fuentes.

**ANSWER: Denied.**

39. Santoyo and Agri Star's conduct was outrageous and intended to cause emotional distress to Fuentes (or at a minimum acted with reckless disregard of the probability of causing emotional distress).

**ANSWER: Denied.**

40. Fuentes suffered severe and/or extreme emotional distress, caused by Agri Star's outrageous conduct.

**ANSWER: Denied.**

41. As a result of Defendants' actions, Plaintiff foreseeably suffered and will continue to suffer damages including, but not limited to, mental and emotional harm and anguish, humiliation, embarrassment, and loss of enjoyment of life.

**ANSWER: Denied.**

WHEREFORE, Plaintiff prays for the following relief:

a) That Plaintiff be awarded compensatory damages;
b) That Plaintiff be made whole by providing her compensation for past and future mental and emotional harm and anguish, and other affirmative relief;
c) That Plaintiff be awarded punitive damages;
d) That Plaintiff be awarded reasonable attorneys' fees and costs incurred in prosecuting this action;
e) That Plaintiff be awarded such additional and further relief as is just and proper.

**ANSWER: Agri-Star denies that Plaintiff is entitled to the relief requested in this unnumbered paragraph.**

**Any remaining allegations not specifically admitted are denied.**

### AGRI-STAR'S DEFENSES

Agri-Star asserts the following defenses to Plaintiffs' Petition. This case is in its early stages, and Agri-Star thus expressly reserves its right to supplement these defenses as provided under the Federal Rules of Civil Procedure.

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff cannot meet the elements of proof for her claims.

3. Plaintiff's claims are time barred in whole or in part by the applicable statute of limitations.

4. Plaintiff has failed to exhaust her administrative remedies against Agri-Star.

5. To the extent Plaintiff has sustained any damages, which Agri-Star denies, she has failed to mitigate those damages.

6. Agri-Star's actions towards Plaintiff were at all times based on legitimate, non-discriminatory business reasons.

7. Agri-Star maintains and enforces policies prohibiting discrimination and retaliation and make good faith efforts to prevent discrimination and retaliation from occurring in the workplace.

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, or estoppel. Agri-Star did not act in willful disregarding of the requirements of any law.

9. To the extent Agri-Star made any decisions, it would have made the same decision regardless of Plaintiff's membership in any protected class.

10. Any action or admission on the part of Agri-Star occurred in good faith, and Agri-Star reasonably believed it was not discriminating or retaliating against Plaintiff in any way.

11. Plaintiff's claim for punitive damages is barred or limited under the Constitutions of the United States and Iowa, and under the statutes of Iowa.

WHEREFORE, Agri-Star respectfully requests that Plaintiff's Petition and Jury demand be dismissed with prejudice in its entirety, for entry of judgment in Agri-Star's favor on all

claims, awarding Agri-Star the costs of this action, and for such other and further relief as the Court finds just and appropriate.

Dated: June 14, 2021　　　　　　　　　　/s/ *Joseph W. Younker*
　　　　　　　　　　　　　　　　　　　　JOSEPH W. YOUNKER (#AT008668)
　　　　　　　　　　　　　　　　　　　　　　Direct Dial: (319) 358-5569
　　　　　　　　　　　　　　　　　　　　　　Email: jyounker@bradleyriley.com
　　　　　　　　　　　　　　　　　　　　RYAN S. FISHER (#AT0012673)
　　　　　　　　　　　　　　　　　　　　　　Direct Dial: (319) 861-8770
　　　　　　　　　　　　　　　　　　　　　　Email: rfisher@bradleyriley.com
　　　　　　　　　　　　　　　　　　　　　　of
　　　　　　　　　　　　　　　　　　　　BRADLEY & RILEY PC
　　　　　　　　　　　　　　　　　　　　Tower Place
　　　　　　　　　　　　　　　　　　　　One South Gilbert Street
　　　　　　　　　　　　　　　　　　　　Iowa City, IA 52240-391
　　　　　　　　　　　　　　　　　　　　Phone: (319) 466-1511
　　　　　　　　　　　　　　　　　　　　Fax:　　(319) 358-5560

　　　　　　　　　　　　　　　　　　　　Attorneys for the Defendant,
　　　　　　　　　　　　　　　　　　　　Agri-Star Meat and Poultry, LLC

Copy to:

Dan Vondra
Vondra Law Office PLC
745 Community Dr., Unit C
North Liberty, IA 52317

Attorneys for Plaintiff,
Karen Fuentes

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this document was served upon the persons listed on this document at the addresses indicated by CM/ECF electronic notification or by enclosing the same in an envelope with postage fully paid and by depositing said envelope in a United States Post Office depository this **14th** day of **JUNE,** 2021. I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　*/s/ Janet Privratsky*